**In the United States District Court
for the Southern District of Georgia
Brunswick Division**

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 AUG 16  P 3: 10

CLERK
SO. DIST. OF GA

| | | |
|---|---|---|
| ROBERT E. SMITH and MELISSA SMITH, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| BENJAMIN R. CLARK, individually, and COASTLINE CONSTRUCTION COMPANY, INC., | : | |
| Defendants. | : | NO. CV205-117 |

## O R D E R

Plaintiffs, Robert E. Smith and Melissa Smith, filed this action against Defendants, Benjamin R. Clark and Coastline Construction Company, Inc. ("Coastline"), asserting state law tort and contract claims arising out of the construction of their home on Sea Island, Georgia. Coastline filed a counterclaim against the Smiths for breach of contract. Presently before the Court are Clark's motion to dismiss the complaint, and Plaintiffs' motion to dismiss the counterclaim.

In determining the merits of a motion to dismiss pursuant to Rule 12(b)(6), a court must assume that all of the factual

allegations of the complaint are true, e.g., United States v. Gaubert, 111 S. Ct. 1267, 1276 (1991), and construe the allegations in the light most favorable to the plaintiff, e.g., Sofarelli v. Pinellas County, 931 F.2d 718, 721 (11th Cir. 1991). "A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the [complainant] can prove no set of facts in support of his claim which would entitle him to relief." United States v. Baxter Int'l, Inc., 345 F.3d 866, 880 (11th Cir. 2003).

In its counterclaim, Coastline asserts that the Smiths breached the construction contract. According to the counterclaim, the Smiths defaulted on the contract without giving Coastline an opportunity to complete its contractual obligations. Coastline contends that the Smiths owe it $140,090.33 for work actually performed under the terms of the contract, plus interest, as a result of their breach of the agreement. The Smiths assert that the counterclaim is legally deficient because of its conclusory nature.

Rule 8 of the Federal Rules of Civil Procedure sets an "exceedingly low" standard to meet for describing the details that underlie the complaint. See In re: Southeast Banking Corp., 69 F.3d 1539, 1551 (11th Cir. 1995). Generally, all

AO 72A
(Rev. 8/82)

that is required in a complaint, or counterclaim, is a short and plain statement showing that the pleader is entitled to relief. See Conley v. Gibson, 355 U.S. 41, 47 (1957). Under our civil justice system, the discovery process is left to sort out the specific facts underlying a plaintiff's general claims.

For these reasons, the Smiths' assertion that the complaint fails to assert a cause of action against them must be rejected. Coastline provided sufficient details in the counterclaim to put the Smiths on notice of the claims against them. If Coastline's allegations prove true, the company would be entitled to relief. Because Coastline states a claim upon which relief can be granted, the Smiths' motion to dismiss is **DENIED**. Clark's motion to dismiss Plaintiffs' complaint is **DISMISSED** as moot, inasmuch as Plaintiffs have filed an amended complaint. See Doc. Nos. 12, 15 & 21.

**SO ORDERED**, this 16th day of August, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

C. Phillips
B. Watkins

CASE NO: CV205-117
DATE SERVED: 8/16/05
SERVED BY: slt

☐ Copy placed in Minutes
☑ Copy given to Judge
☐ Copy given to Magistrate