### In the United States District Court
### for the Southern District of Georgia
### Brunswick Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 NOV -3  P 4: 02

CLERK
S.  D OF GA.

ROBERT E. SMITH
and MELISSA SMITH,

    Plaintiffs,

        v.

BENJAMIN R. CLARK,
individually, and COASTLINE
CONSTRUCTION COMPANY, INC.,

    Defendants.

CIVIL ACTION

NO. CV205-117

### ORDER

Plaintiffs, Robert E. Smith and Melissa Smith, filed this action against Defendants, Benjamin R. Clark and Coastline Construction Company, Inc. ("Coastline"), asserting tort and contract claims under Georgia law. Coastline filed a counterclaim against the Smiths for breach of contract.

Presently before the Court is the Smiths' motion to dismiss Coastline's counterclaim and to strike Defendants' answer pursuant to Rules 37(b), 16(f), and Local Rule 41.1.

Because such severe sanctions are not warranted, the motion will be **DENIED**.

## BACKGROUND

The Smiths filed suit against Clark and Coastline for conduct relating to the construction of their home on Sea Island, Georgia. On August 22, 2005, Defendants' counsel moved to withdraw from the case due to a conflict of interest. On August 24, 2005, the Court permitted Defendants' counsel to withdraw. On August 23, 2005, the Court extended the time for the parties to file their Rule 26(f) report, in light of Defendants' need to secure a new attorney. The Court ordered that the Rule 26(f) report was due no later that September 22, 2005.

However, Defendants did not secure a new lawyer by that date, and Plaintiffs unilaterally filed their Rule 26(f) report in a timely fashion. On September 30, 2005, Plaintiffs filed the instant motion for discovery sanctions for Defendants' failure to comply with the Court's order.

By October 17, 2005, Defendants secured legal counsel. On October 27, 2005, Defendants filed their own unilateral Rule

AO 72A
(Rev. 8/82)

26(f) report, and assert that they stand ready to participate in resolving the parties' dispute.

## DISCUSSION

Rule 37(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> [I]f a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> . . .
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

Dismissal with prejudice is a severe sanction, and it is not readily invoked by a district court. For reasons of public policy, there is a preference for resolving civil disputes on their merits. See, e.g., Phipps v. Blakeney, 8 F.3d 788, 790-91 (11th Cir. 1993).

While the Court does not condone Defendants' disregard of the Court's scheduling order and delay in finding substitute counsel, it does recognize that Defendants have now retained a new lawyer and stand ready to conduct the litigation of their dispute in accordance with the Court's orders and the

requirements of the Federal Rules of Civil Procedure. Thus, the Court declines to dismiss Coastline's counterclaim or to strike Defendants' answer.

## CONCLUSION

For the reasons explained above, Plaintiffs' motion for discovery sanctions is **DENIED**. See Dkt. No. 31.

**SO ORDERED**, this ___3rd___ day of November, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)